# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JEREMY VAUGHN PINSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-25-00533-JD |
| | ) | |
| FNU LNU, Unknown Named Sheriff, | ) | |
| official and individual capacities; | ) | |
| GRADY COUNTY, Oklahoma; and | ) | |
| JOHN AND JANE DOES 1–5, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>ORDER</u>

Before the Court is the Report and Recommendation issued by United States

Magistrate Judge Shon T. Erwin on June 20, 2025. [Doc. No. 5]. Judge Erwin previously

ordered Plaintiff Jeremy Vaughn Pinson on May 22, 2025, to cure the deficiencies in

Plaintiff's complaint by June 9, 2025. [Doc. No. 4]. Specifically, Judge Erwin instructed

Plaintiff to file a complaint on the Court's approved form, to comply with Federal Rule of

Civil Procedure 8 and *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008), and

to either pay the filing fee or file a motion for leave to proceed in forma pauperis. *Id.* at

1–3. Judge Erwin warned that failure to comply with his order may result in the dismissal

of the action without prejudice. *Id.* at 3. Plaintiff did not comply or file anything further

with the Court in response to Judge Erwin's May 22, 2025 order.

In the Report and Recommendation, Judge Erwin recommends that the Court

dismiss this action without prejudice for Plaintiff's failure to comply with the order to

cure deficiencies. [Doc. No. 5 at 2]. Judge Erwin advised Plaintiff of Plaintiff's right to

object to the Report and Recommendation by July 7, 2025, and Judge Erwin warned that failure to timely object to the Report and Recommendation would waive appellate review of the findings and recommendations therein. *Id.*

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). The Tenth Circuit has "adopted a firm waiver rule when a party fails to object to the findings and recommendations of the magistrate [judge]." *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This rule "provides that the failure to make timely objection to the magistrate[] [judge's] findings or recommendations waives appellate review of both factual and legal questions." *Id.* There are two exceptions to the waiver rule: "when (1) a *pro se* litigant has not been informed of the time period for objecting and the consequences of failing to object, or when (2) the 'interests of justice' require review." *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005) (quoting *Moore*, 950 F.2d at 659). The Tenth Circuit has considered various factors to determine whether the interests of justice require review, which include "[1] a *pro se* litigant's effort to comply, [2] the force and plausibility of the explanation for his failure to comply, and [3] the importance of the issues raised." *Id.* at 1120.

Plaintiff did not object to the Report and Recommendation, and neither exception to the firm waiver rule applies. Judge Erwin advised Plaintiff of the time period for objecting and the consequences of failing to timely object. [Doc. No. 5 at 2]. The interests of justice do not require review, as Plaintiff has not explained Plaintiff's effort to

comply or Plaintiff's lack of objection. Alternatively, although the Court is not required

to review the record and law de novo, it has done so and determines that the Report and

Recommendation should be adopted in full.

Therefore, the Court ACCEPTS the Report and Recommendation [Doc. No. 5]

and DISMISSES the action without prejudice. A separate judgment will follow.

IT IS SO ORDERED this 17th day of July 2025.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE